UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:19-cr-00029-JRS-DML |
| TERRANCE STUM, | ) ) | -02 |
| Defendant. | ) ) | |

**Order Denying Defendant's Motion to
Withdraw Plea of Guilty (ECF No. 932)**

Defendant Terrance Stum was charged with one count of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, by way of a Superseding Indictment on May 23, 2019. (ECF No. 373). On February 25, 2020, Stum appeared before this Court to plead guilty to that charge. The Court conducted a Rule 11 colloquy with Stum, during which Stum displayed a thorough understanding of his plea agreement. Stum swore under oath that he understood the terms of his plea agreement, that he faced a minimum sentence of ten years' imprisonment and a maximum sentence of life imprisonment, that the Court need not accept his or the Government's sentencing recommendations, and that the facts contained in the factual basis of his Petition to Enter a Plea of Guilty ("Petition") were true.

Stum now moves to withdraw his guilty plea. (ECF No. 932.) On July 7, 2020, the Court held a hearing on the motion to withdraw and now **denies** the motion for the following reasons.

"A plea of guilty is a formal and solemn step, where the defendant admits his guilt under oath after assuring the court, also under oath, that he is ready, willing, and able to make that decision after consulting sufficiently with his lawyer and being informed about all matters that he needs to know about to make the decision." *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016). Thus, a defendant may withdraw his guilty plea only if he shows a "fair and just" reason for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Stewart*, 198 F.3d 984, 986–87 (7th Cir. 1999). "Representations made at a Rule 11 plea colloquy are given a presumption of verity, and the defendant bears the burden of demonstrating a fair and just reason to permit withdrawal of the guilty plea." *United States v. Bennett*, 332 F.3d 1094, 1099 (7th Cir. 2003).

The Seventh Circuit has recognized three general grounds that merit withdrawal of a guilty plea: "where the defendant shows actual innocence or legal innocence, and where the guilty plea was not knowing and voluntary." *Graf*, 827 F.3d at 583. However, "[a] defendant's motion to withdraw is unlikely to have merit if it seeks to dispute his sworn assurances to the court." *Id.* at 584. Stum argues that he is actually innocent because he misunderstood the quantity and types of controlled substances he pleaded guilty to conspiring to distribute. The factual basis in Stum's Petition alleges: "Stum was aware that no less than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, 170.097 grams of cocaine base, and 250 grams of a mixture or substance containing a detectable amount of heroin

was distributed during the course of the conspiracy." (ECF No. 750 at 8.) Stum now asserts, however, that he never distributed any amount of methamphetamine.

At the hearing on the motion to withdraw, Stum's counsel argued that because of Stum's difficulty comprehending complex matters, Stum was unable to understand the conspiracy charge he was pleading guilty to. Stum told the Court that he thought he was just pleading to what was contained in the Superseding Indictment. However, the Superseding Indictment, like the factual basis in the Petition, contains the allegation that the conspiracy involved "the distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine." (ECF No. 373 at 2.) Further, a manner and means of Count One alleges that "Stum distributes methamphetamine, heroin and cocaine base." (*Id.* at 4.) Yet Stum now protests that he had no dealings with methamphetamine. "But bare protestations of innocence are insufficient to withdraw a guilty plea, particularly after a knowing and voluntary plea made in a thorough Rule 11 colloquy. Rather, the defendant must produce some credible evidence of his innocence." *United States v. Chavers*, 515 F.3d 722, 725 (7th Cir. 2008) (internal quotation marks and citation omitted); *see also United States v. Carroll*, 412 F.3d 787, 792 (7th Cir. 2005) (holding that defendant's denials of guilt, which contradicted his testimony during the plea colloquy, were insufficient evidence of actual innocence). Stum has not produced any credible evidence of his innocence, and because he made a knowing and voluntary plea through a Rule 11 colloquy, his mere subsequent protestations of innocence are insufficient.

Further, if Stum's representations at his change of plea hearing ("Guilty Plea Hearing") were true, then "his current submission must be false. Judges need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005). Stum's claim that he did not understand that he was pleading guilty to distributing methamphetamine is "not a compelling explanation for the contradiction," as Stum testified under oath that he had discussed the Superseding Indictment with is attorney, that he had read the factual basis contained in his Petition and that those facts were true, and that he had discussed with his attorney and understood the elements of the offense, which mentioned only methamphetamine, prior to signing his Petition. Indeed, the Petition set out the elements of the offense as: "a conspiracy to possess with intent to distribute and to distribute methamphetamine existed; the defendant knowingly joined that conspiracy; and, the conspiracy involved the distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine"—which Petition Stum discussed with his attorney and signed. (ECF No. 750 at 2.) These elements, relating solely to methamphetamine, were the only elements listed in the Petition, and during the Guilty Plea Hearing the Court repeated these very elements to Stum, advised him that these items would have to be proved against him if he were to not plead guilty and the case were to go to trial, and asked Stum if this had previously been explained to him. Stum testified in the affirmative. Moreover, at the hearing on the

motion to withdraw, counsel for the Government informed the Court that during plea negotiations with Defendant, Stum requested certain portions of the factual basis be taken out, further emphasizing Stum's ability to comprehend the conduct to which he pleaded guilty. In contrast, the Parties agreed, both in the Petition and during the Guilty Plea Hearing—where the Court queried the Parties on both the total offense level and the criminal history category—that Stum's total offense level should be 36. This, in fact, is precisely the total offense level set forth in the Presentence Investigation Report ("PSR"), based in part on the amount of methamphetamine alleged in the Superseding Indictment and set forth in the Petition. (ECF 862 at 7-8.) Without the methamphetamine, the Parties agreed during the hearing on the motion to withdraw, the total offense level would have instead been on the order of 33.

Counsel argues that Stum is actually innocent and did not make a knowing and voluntary plea because he did not have the mental capacity to understand the complexity of the charges, which included the methamphetamine elements to which he now maintains he has never been associated with, or the federal process in general. (ECF 944 at 5-6.) Notably, the Guilty Plea Hearing was relatively lengthy due to the extended colloquy between the Court and Stum. During the colloquy, it was evident to the Court that Stum well understood what was going on, but that he had one concern. Namely, while Stum pleaded guilty without any protest or expression of confusion concerning the agreed total offense level of 36, which necessarily included the amount of methamphetamine, he expressed some confusion related to his criminal

5

history category. Counsel for Defendant and for the Government, based on information currently available to them at the time, had calculated Stum's criminal history category to be three (III). Stum, however, was concerned that his criminal history category would be four (IV), which later turned out to be the case. (ECF 862 at 11.) The Court explained to Stum that his sentence, including his criminal history category, would be determined by the Court after receiving information collected by the Probation Office, and that the Court was not bound by counsel's recommendations. Stum swore that he understood this and did not have any questions about it.

Lastly, while counsel for Defendant acknowledged during the hearing on the motion to withdraw that Stum's primary argument for withdrawal was that Stum did not distribute methamphetamine, Defendant's motion also argued that he should be able to withdraw his guilty plea because probation discovered a conviction that counsel was not aware of, resulting in a criminal history category of four (IV). (ECF 932 at 1.) The Seventh Circuit has repeatedly held that "the fact that a defendant underestimated his sentence when entering his plea is not a fair and just reason to permit him to withdraw that guilty plea[,]" especially "when the defendant has been warned that the judge will determine the sentence based on information collected by the Probation Office and at any sentencing hearing[.]" *United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008) (quoting *United States v. Gilliam*, 255 F.3d 428, 433–34 (7th Cir. 2001). This is especially the case here, where Stum voiced his suspicions that his criminal history category would be a four (IV) and he pleaded guilty anyway despite the Court's advice that if it turned out to be a four (IV) he would have no right

6

to withdraw his plea. Rather than underestimating the sentence, Stum correctly anticipated it. This, among other discussions with and observations of Stum during the extensive Guilty Plea colloquy and the hearing on the motion to withdraw, evidences to the Court that, as previously found on the record, he was aware of the nature of the charge and the consequences of his plea and that his plea was a knowing and voluntary plea unhampered by any diminished mental capacity. It should be noted that counsel confirmed during the hearing on the motion to withdraw that Stum was competent to enter a plea and to stand trial, but that the mental capacity argument was limited to Stum not understanding the complexity of the conspiracy including the methamphetamine, which, for at least the reasons mentioned herein, the Court rejects.

Thus, Stum has not met his burden of demonstrating a fair and just reason to permit withdrawal of the guilty plea. Accordingly, Stum's Motion to Withdraw his Plea of Guilty and Change That Plea to Not Guilty and Proceed to Trial (ECF No. 932) is **denied**. Stum's request to stay the time for filing any objections to the Presentence Investigation Report (*id.*) is **granted** to the extent the time for filing any objections to the PSR is extended to **August 14, 2020.**

**SO ORDERED.**

Date:   7/7/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to all parties of record via CM/ECF.