UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:19-cr-00029-JRS-MJD-2 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| TERRANCE STUM | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00029-JRS-MJD |
| | ) | |
| TERRANCE STUM, | ) -2 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Terrance Stum has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 1591. For the reasons explained below, his motion is **DENIED**.

## I.     Background

In February 2020, Mr. Stum pleaded guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and 846. Dkts. 754, 1134. Mr. Stum faced a guidelines range of 262 to 327 months of imprisonment. Dkt. 1055 at 20. The Court sentenced him to 262 months of imprisonment followed by 5 years of supervised release. Dkt. 1134 at 2–3. The Bureau of Prisons ("BOP") currently reports Mr. Stum anticipated release date (with good-conduct time included) as September 21, 2037. https://www.bop.gov/inmateloc/ (last visited September 9, 2024).

Mr. Stum has filed a motion for compassionate release *pro se* Dkt. 1591. Mr. Stum argues that he establishes extraordinary and compelling reasons for compassionate release because a change in the law has created a disparity between the sentence he is serving and the sentence he

2

would likely receive today. The Court has concluded that it can resolve the motions without a response from the United States.[1]

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing

---

[1] In his motion, Mr. Stum requested the appointment of counsel to represent him by marking a check box. Dkt. 1591 at 6. Mr. Stum does not provide any other information about his need for counsel. No statutory authority requires the Court to appoint defense counsel for a defendant pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Thus, any request for the appointment of an attorney from the federal public defender's office is **denied**.

The Court also finds that Mr. Stum is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (cleaned up). The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Stum has not stated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. His request for assistance with recruiting counsel must therefore be denied.

'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Stum contends that the disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him. Specifically, he argues that his prior conviction would no longer qualify him for sentencing enhancements. Dkt. 1591-1 1–2.

The United States Sentencing Guidelines permit a court to find that extraordinary and compelling reasons for release exist related to defendants who received an "unusually long sentence" in the following circumstance:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Mr. Stum cannot rely on this section to establish extraordinary and compelling reasons potentially warranting a sentence reduction because has not yet served 10 years of his term of imprisonment. *See* dkt. 1055 at 1. The Court is prohibited from considering changes in the law when determining whether extraordinary and compelling reasons for release exist where the defendant does not meet the requirements of this section. U.S.S.G. § 1B1.13(c). For these reasons, the Court finds that Mr. Stum has not carried his burden to show that the fact that he might receive

4

a lower sentence if sentenced today establishes an extraordinary and compelling reason to release him, whether considered alone or together with any other reason. Mr. Stum does not argue that that there is any other extraordinary and compelling reason for his release.[2] Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of her release, and his motion must be **denied**.

### III. Conclusion

For the reasons stated above, Mr. Stum's motion for compassionate release, dkt. [1591], is **denied**.

**IT IS SO ORDERED.**

Date: 09/12/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Terrance Stum
Register Number: 16870-028
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351

---

[2] Mr. Stum references the newly amended guidelines regarding family circumstances in his motion for compassionate release. Dkt. 1591-1 at 2. However, he provides no argument this section actually applies to him.

5